# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                                                                                                                                  No. CR 98-0936 JC

ULISES MARTINES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss – Speedy Trial, filed April 9, 1999 *(Doc. 34)*. The Court has reviewed the motion, the response, and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

The dispositive issue before me is whether the excludable delay of Martines' fugitive co-defendant, Monica Scott, should be excluded as to Martines' Speedy Trial Act time as well. Under 18 U.S.C. § 3161(h)(7), a "reasonable period of delay" may be excluded "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Scott's time for trial has not run because she is a fugitive. *See* 18 U.S.C. § 3161(h)(3). Therefore, I need only determine whether it is reasonable to apply this delay to Martines.

I disagree with Defendant's position that the issuance of a warrant for Scott's arrest when she failed to appear for arraignment constitutes a *de facto* severance. That is not the rule in this circuit.

*See United States v. Mayes*, 917 F.2d 457, 460 (10th Cir. 1990) (holding that delay of a fugitive who had not been brought before the court was excludable as to co-defendants); *United States v. Ramos*, 846 F. Supp. 927, 929 (D. Kan. 1994) (denying motion to sever and attributing four weeks of excludable delay against a co-defendant's Speedy Trial Act time for the government to locate a fugitive). The Eleventh Circuit case cited by Defendant, *United States v. Davenport*, 935 F.2d 1223, 1229-30 (11th Cir. 1991) is distinguishable from this case because in *Davenport* there was formal court action transferring the Defendant to fugitive status that effectively severed the fugitive defendant from the case. In this case, the Court expressly denied Martines' motion to sever.

I find that it is reasonable to apply the excludable delay to Martines as well. Several factors lead me to this conclusion. Scott's attorney filed motions that are pending before the Court, creating the appearance that there has not been a *de facto* severance. Martines took no action to demand a speedy trial or to raise the issue as to whether Scott's excludable delay applied to him from February 3, 1999 until filing this motion on April 9, 1999. Further, the amount of delay is only sixteen days beyond the Speedy Trial Act's seventy-day limit. I recognize, and have considered, that there are factors that favor Martines' position. Martines has been in custody awaiting trial, and he did file a motion to sever on December 30, 1998. Balancing all the factors, I conclude that it is reasonable to apply the excludable delay caused by Scott's motions and fugitive status against Martines' Speedy Trial Act time.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss – Speedy Trial, filed April 9, 1999 *(Doc. 34)* is **denied.**

DATED this 16th day of April, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    James D. Tierney, AUSA
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico

Counsel for Defendant:

    Stephen P. McCue
    Federal Public Defender
    District of New Mexico
    Albuquerque, New Mexico